UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEPHEN PLUFF,

                            Petitioner,

    - v -                                                9:18-CV-914
                                                                          (DNH/DJS)

SUPERINTENDENT,

                            Respondent.
_____

**APPEARANCES:**                                  **OF COUNSEL:**

STEPHEN PLUFF
Petitioner *Pro Se*
09-A-4343
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

HON. LETITIA JAMES                    PAUL B. LYONS, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Respondent
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

    Petitioner *pro se* Stephen Pluff was sentenced to a term of twenty years imprisonment following his plea of guilty to a charge of rape in the first degree. Dkt. No.

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

1, Petition ("Pet.") at p. 1;[2] Dkt. No. 20-1, State Court Record ("SR.") at pp. 1-33.[3] Petitioner presently seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on the following grounds:

    1) violation of due process because his plea of guilty was not knowing and voluntary;

    2) ineffective assistance of counsel; and

    3) he is actually innocent of the charge. Pet. at pp. 5-7.

Respondent submits that Petitioner is not entitled to relief both because the Petition is untimely and, in any event, lacks merit. Dkt. No. 18. Petitioner has filed a Traverse in further support of the Petition. Dkt. No. 26, Traverse. For the reasons that follow, this Court recommends that the Petition be **denied** as untimely.

## I. BACKGROUND

On July 27, 2009, Petitioner entered a guilty plea to a charge of rape in the first degree related to a sexual assault that took place in the City of Troy, New York in August 2008. SR. at pp. 1-17. At the plea hearing Petitioner admitted to forcibly compelling his victim to engage in sexual intercourse. *Id.* Petitioner was subsequently sentenced to a determinate term of twenty years in prison along with twenty years of post-release supervision. SR. at pp. 19-33.

As part of the plea bargain, Petitioner waived his right to appeal and filed no direct appeal of his conviction. *See* SR. at p. 14. More than eight years after entering his plea,

---

[2] Citations to the Petition are to the page numbers assigned by the Court's CM/ECF system.

[3] Citation to the state court record is in the form "SR." followed by the page numbering provided by Respondent.

in December 2017, Petitioner filed a motion to vacate his conviction under New York Criminal Procedure Law section 440.10. SR. at pp. 35-100. He raised three issues in that motion: the insufficiency of his plea allocution, the alleged ineffectiveness of his plea counsel, and his actual innocence. *Id.* That motion was denied on February 6, 2018. SR. at pp. 109-112. Petitioner then sought leave to appeal that denial to the Appellate Division, SR. at pp. 113-117, but that application was denied on May 3, 2018. SR. at p. 149. This Petition, dated July 30, 2018, followed.

## II. DISCUSSION

### A. Timeliness of the Petition

Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"A petition for a writ of habeas corpus must be filed within one year of the latest of [these] four triggering events." *Trovato v. Kaplan*, 2013 WL 636956, at *2 (S.D.N.Y. Feb. 11, 2013).

Petitioner did not file a direct appeal from the state court proceedings challenged here. Pet. at p. 2. Under state law, he had thirty days in which to do so. N.Y. Crim. Proc. Law § 460.10(1)(a). When no appeal is filed, the expiration of that time period begins the running of the limitations period under 28 U.S.C. § 2244(d)(1)(A). *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002). As a result, Petitioner's state court conviction became final thirty days after his August 14, 2009 sentencing. *See* SR. at pp. 19-33. This Petition, dated July 30, 2018, was filed nearly eight years later and is clearly untimely. *See* Pet.

As noted above, Petitioner filed a Criminal Procedure Law section 440 motion in December 2017. SR. at pp. 36-54. Under 28 U.S.C. § 2244(d)(2) "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "It is well-settled that this savings provision only tolls the statute of limitations during the pendency of a properly-filed state court proceeding; it does not 'reset' the one-year limitation period." *Gillard v. Sticht*, 2017 WL 318848, at *2 (N.D.N.Y. Jan. 23, 2017) (citing cases). The 440 motion was thus "submitted well after the one-year limitation period had already expired" and cannot be said to have tolled the already expired limitations period. *Narvaez v. James*, 2014 WL 689020, at *3 (N.D.N.Y. Feb. 20, 2014); *see also Williams v. Thomas*, 2016 WL 3766351, at *6 (N.D.N.Y. July 11, 2016) (citing cases); *Bell v. Herbert*, 476 F.Supp.2d 235, 244 (W.D.N.Y. 2007) ("A state-court collateral attack on a conviction cannot toll an already expired limitations period.").

Petitioner does not dispute that the Petition is untimely, conceding that it should have been filed in 2010. Traverse at p. 1 (acknowledging that the Petition is "eight years late"). He argues, however, that dismissal is inappropriate and that he is entitled to equitable tolling.

"A petitioner may secure equitable tolling of the limitations period in certain rare and exceptional circumstances." *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015) (internal quotations and alterations omitted) (citing cases). To demonstrate his entitlement to equitable tolling Petitioner "must establish that (a) 'extraordinary circumstances' prevented him from filing a timely petition, and (b) he acted with 'reasonable diligence' during the period for which he now seeks tolling." *Id.* (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). There is "a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011). On this record, Petitioner cannot meet this high threshold and the Court recommends that the Petition be dismissed as untimely.

Petitioner makes several arguments in favor of equitable tolling, but none is persuasive. First, it is well recognized that Petitioner's professed lack of knowledge about the availability of habeas relief, Traverse at p. 2, is not a basis to excuse the significant delay in filing this action. *Edwards v. Hufford*, 2011 WL 4529995, at *2 (E.D.N.Y. Sept. 27, 2011) ("ignorance of the law is not sufficient to warrant equitable tolling.") (citing cases); *Swanton v. Graham*, 2009 WL 1406969, at *5 (E.D.N.Y. May 19, 2009) ("[I]t is well-settled that a mistake or lack of legal knowledge is not an excuse under the law, and

any equitable tolling argument arising therefrom is without merit."); *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 172 n. 7 (S.D.N.Y. 2000) (citing cases).

Contrary to his assertions Petitioner has also failed to show that he acted with reasonable diligence to secure his rights. Petitioner claims that he retained counsel for purposes of filing a motion to vacate his conviction soon after the plea had been entered in August 2009. Traverse at p. 1. Despite the fact that he received no further information about the filing of such a motion, however, Petitioner, by his own admission, waited over three years, until November 2012, before inquiring about the status of his case. Dkt. No. 8 at p. 3. In response to that status inquiry, Petitioner was advised in January 2013 that his retained counsel was deceased. *Id.* at p. 22. The record thus establishes that Petitioner waited three years, including two years after the expiration of the applicable statute of limitations, before taking any action on his own to collaterally attack his conviction. "This lengthy period of inaction is the antithesis of reasonable diligence and is fatal to any possibility of an equitable toll." *Tarafa v. Artus*, 2013 WL 3778795, at *7 (S.D.N.Y. Mar. 11, 2013), *report and recommendation adopted as modified*, 2013 WL 3789089 (S.D.N.Y. July 18, 2013) (finding petition filed three years after conviction was final and two years after expiration of AEDPA statute of limitations untimely); *see also Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (no reasonable diligence shown for one year, eight-and-a-half-month interval of inaction by petitioner).[4]

---

[4] The record does establish that in 2014 and 2015 Petitioner sought to obtain counsel from outside sources. Pet. at p. 5; SR. at pp. 151 & 155-158. Those efforts, however, came only after the AEDPA's limitations period had already expired and cannot establish reasonable diligence in support of tolling the statute of limitations.

After Petitioner was advised of his counsel's death and referred to the Public Defender's Office, Petitioner claims that he was advised that a motion to vacate his conviction was being prepared. Traverse at p. 2. He concedes, however, that he permitted "more than a year" to pass without hearing from that office before taking any other actions. *Id.* A motion under section 440 was finally filed in December 2017. The record does not establish that Petitioner previously sought to file for federal habeas relief. While Petitioner seeks to blame his counsel for this delay, the fact remains that "[a]s year after year passed by, [Petitioner] should not have simply sat by hoping that his attorneys would seek federal habeas relief on his behalf. He should have eventually determined that he could not rely on them and promptly found a new attorney or, if he could not afford one, prepared a habeas petition pro se." *Lopez v. Lee*, 2011 WL 6068119, at *6 (E.D.N.Y. Dec. 7, 2011).

Finally, "a habeas petitioner 'may use his claim of actual innocence as a "gateway," or a means of excusing his procedural default, that enables him to obtain review of his constitutional challenges to his conviction.'" *Rivas v. Fischer*, 687 F.3d at 539 (quoting *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004)). In order to pass through the "actual innocence gateway," a petitioner must present a claim of actual innocence that is "both 'credible' and 'compelling.'" *Id.* at 541 (quoting *House v. Bell*, 471 U.S. 518, 521, 538 (2006)). Petitioner seeks to invoke this ground for tolling as well. Traverse at pp. 4-9.

> For the claim to be "credible," it must be supported by "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented

7

> at trial. For the claim to be "compelling," the petitioner must demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt - or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

*Rivas v. Fischer*, 687 F.3d at 541 (internal citations and quotations omitted). "The standard's demand for 'evidence of innocence' references 'factual innocence, not mere legal insufficiency.'" *Hyman v. Brown*, 927 F.3d 639, 657 (2d Cir. 2019) (citations omitted).

Petitioner cannot meet this standard. He cites to no "new reliable evidence" in support of his claim. Instead, Petitioner appears to allege that it was not until years after his plea that he learned "oral sex is not intercourse" for purposes of New York law. Traverse at p. 5. He thus claims that his plea was premised on an alleged misunderstanding of charges against him. *Id.* Petitioner's claim is belied by the record which demonstrates that he showed no lack of understanding of the proceedings at the time and raised no questions about the substance of the charge to which he was entering his plea despite numerous opportunities to do so. The state court judge advised Petitioner at the start of his plea hearing that if at any point during the proceedings Petitioner did not understand something, he could ask the judge to clarify it and Petitioner indicated he understood. SR. at p. 7. Petitioner was given to opportunity to consult with his counsel regarding the proceedings but declined. SR. at p. 9. The state court asked Petitioner as part of the allocution whether he engaged in "sexual intercourse" and Petitioner responded "yes" without asking for any clarification of the phrase or indicating any lack of understanding. SR. at p. 15. When asked to describe what happened on the day in

question Petitioner stated that he engaged in "intercourse" again without requesting clarification or requesting time to consult regarding the matter. *Id.* The state court judge once again asked if Petitioner had forced his victim to engage in "sexual intercourse" and Petitioner responded in the affirmative without asking any questions or expressing any lack of understanding. SR. at p. 16. Statements made during a plea allocution "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner's contrary statements now "do[] not overcome the strong presumption that Petitioner was telling the truth when he stated under oath that he was guilty." *Billie v. United States*, 2013 WL 2946066, at *5 (D. Conn. June 14, 2013).

Petitioner also cannot demonstrate that his current claim is compelling. A claim is compelling if the petitioner can demonstrate that, more likely than not, any reasonable juror would have reasonable doubt as to the petitioner's guilt in light of the new evidence. *Rivas v. Fischer*, 687 F.3d at 541; *accord House v. Bell*, 547 U.S. 518, 538 (2006). "A habeas court may consider a guilty plea in the context of determining whether a petitioner has shown that no reasonable factfinder would have found him guilty." *Cosey v. Lilley*, 460 F. Supp. 3d 346, 364 (S.D.N.Y. 2020). Petitioner's "current assertions directly contradict the statements []he made, under oath, at the time of h[is] plea." *Yong Suk Howang v. United States*, 2019 WL 1994264, at *10 (S.D.N.Y. Apr. 19, 2019), *report and recommendation adopted*, 2019 WL 1988490 (S.D.N.Y. May 6, 2019). As a result, they "lack the probative force necessary to support a claim of actual innocence." *Id.*

Moreover, the heart of the claim in his Petition is, in fact, one of legal insufficiency. This aspect of Petitioner's claim is premised on the argument that the

9

evidence was legally insufficient to warrant conviction. Pet. at pp. 14-20. "Petitioner's arguments in support of actual innocence echo his claims for entitlement to habeas relief. This is insufficient to satisfy the demanding standard for actual innocence." *Stein v. Stallone*, 2019 WL 5578236, at *12 (N.D.N.Y. Oct. 29, 2019). Under these circumstances habeas relief is not appropriate. *See United States v. Holland*, 2014 WL 12810189, at *4 (N.D.N.Y. May 20, 2014) (citing *Rosario v. United States*, 164 F.3d 729, 734 (2d Cir. 1998)) ("A defendant who admits guilt in his plea agreement and plea allocution cannot be factually innocent.").

As a result, no basis for equitable tolling exists and dismissal of the Petition as untimely is warranted.

### B. Petitioner is Not Entitled to Relief on the Merits

In addition to being subject to dismissal as untimely, Petitioner's substantive claims lack merit and so the Petition would be subject to dismissal on the merits as well. Petitioner claims that his plea was not knowingly and voluntarily entered and offers a related claim asserting ineffective assistance of counsel regarding his plea. *See generally* Pet. Viewed on the merits, these claims lack merit.

"It is settled law that statements made in a plea allocution 'carry a strong presumption of verity.'" *Molina Rios v. United States*, 2019 WL 2524542, at *4 (W.D.N.Y. June 19, 2019) (quoting *Blackledge v. Allison*, 431 U.S. at 74). "[W]here a petitioner has explicitly stated in his allocution that he fully understands the consequences of his plea and that he has chosen to plead guilty after a thorough consultation with his attorney, a district court on habeas review may rely on the petitioner's sworn statements

10

and hold him to them." *Scott v. Superintendent, Mid-Orange Corr. Facility*, 2006 WL 3095760, at *9 (E.D.N.Y. Oct. 31, 2006). The record in this case reflects that after being placed under oath, Petitioner specifically stated that he had fully consulted with his counsel regarding his plea and that he was satisfied with counsel's representation. SR. at p. 9.

"Petitioner's sworn statements during the plea colloquy contradict the notion that he was dissatisfied with counsel and are contrary to the claims of ineffective assistance he now alleges." *Fifield v. Hunt*, 2009 WL 4730322, at *6 (W.D.N.Y. Dec. 4, 2009); *see also Linares v. Smith*, 2020 WL 3545119, at *6 (E.D.N.Y. June 30, 2020) ("Petitioner's statements regarding coercion are refuted by his assurances during the plea colloquy that he was satisfied with counsel's services, that he had not been threatened or forced by anyone, . . . to enter the plea, and that he was pleading voluntarily and of his own free will."); *Little v. United States*, 2006 WL 2361723, at *7 (D. Conn. Aug. 15, 2006) (petitioner's "own sworn statements at plea colloquy . . . represented both that he was satisfied with his defense counsel, and that his plea was free and voluntary.").

Petitioner also claims he is entitled to release based on his actual innocence. Pet. It is not clear whether actual innocence is a freestanding, independent basis for habeas relief. *See Graham v. United States of America*, 2021 WL 2983070, at *13 (W.D.N.Y. July 9, 2021); *Thorsen v. Annucci*, 2021 WL 2156454, at *7 (N.D.N.Y. May 27, 2021). "If a freestanding actual innocence claim were to exist, the standard necessary to succeed on such a claim would be 'extraordinarily high.'" *Fields v. State of New York*,

11

2021 WL 3741506, at *7 (E.D.N.Y. Aug. 24, 2021) (citing *House v. Bell*, 547 U.S. at 555). For the reasons outlined above, Petitioner has not made a showing of factual innocence sufficient to satisfy that standard.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** and **DISMISSED** as untimely; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[5] and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[6] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v.*

---

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").

[6] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

*Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   September 8, 2021
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge